UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

SHANICQUE SAPP

                Plaintiff,

-against-

POLICE OFFICER STEVE LAFORTUNE, (Shield no. 2570); POLICE OFFICERS "JANE DOE" no. 1; "JOHN DOES" nos. 1-14, individually and in their official capacities (the names Jane Doe and John Doe being fictitious, as the true names are presently unknown),

                Defendants.
------------------------------------------------------------- X

**COMPLAINT**

**JURY TRIAL DEMANDED**

DEARIE, J.

POHORELSKY, M.J.

Plaintiff, **SHANICQUE SAPP**, by and through her attorney, **KENNETH F. SMITH, PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for violation of plaintiff's rights as secured by 42 U.S.C. §§ 1983 and the 1988; and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.

2. Plaintiff's claims arise from an incident that took place at her home in Brooklyn, New York on or about July 19, 2013 during which members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things: unlawful entry and unlawful search and seizure; false arrest; unreasonable force; failure to intervene; reckless and intentional infliction of emotional distress.

3. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, pursuant to 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

5. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

6. Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. §1391 (a), (b) and (c), in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## JURY DEMAND

7. Plaintiff demands a trial by jury in this action.

## PARTIES

8. Plaintiff Shanicque Sapp is a resident of Kings County, New York State.

9. The plaintiff is a thirty-five year old African-American female.

10. At all times herein, defendant PO Steve LaFortune, Shield no. 2570 and P.O. Jane Doe #1 and John Does # 1-14 were New York City Police Officers, employed with the 77th precinct and/or a Brooklyn Narcotics Enforcement unit, located in Kings County, New York.

11. The defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

12. On July 19, 2013, at and in the vicinity of 1483 Saint John's Place, Brooklyn, New York, and the 77th precinct, Brooklyn, New York, several police officers operating from the 77th precinct and/or a Brooklyn Narcotics Enforcement unit, located in Kings County, New York including upon information and belief, defendant Steve LaFortune and P.O. Jane Doe #1 and John Does # 1-14, at times acting in concert and at times acting independently, committed the following illegal acts against plaintiff.

13. On July 19, 2013, at approximately 6:00 a.m., at 1483 Saint John's Place, Brooklyn, New York, a private building, defendant PO Steve LaFortune and P.O. Jane Doe #1 and John Does # 1-14, without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime, unlawfully entered apartment 1A.

14. The defendants, including PO Steve LaFortune and P.O. Jane Doe #1 and John Does # 1-14, forcefully broke into 1483 Saint John's Place, Apartment 1A, Brooklyn, New York.

15. If the defendant officers had a search warrant, it was issued upon the basis of extremely unreliable information, the unreliability of which was withheld from the issuing magistrate.

16. If the defendant officers had a search warrant, they obtained it by failing to properly supervise and verify the reliability of an informant against NYPD policy and procedures to ensure the reliability of the confidential informant and the confidential informant's information before obtaining the warrant.

17. If the defendant officers had a search warrant, they went beyond its scope and entered areas of the building they were not permitted to enter.

18. Once defendants entered 1483 Saint John's Place, Brooklyn, New York, the plaintiff was not free to disregard the defendants' questions, walk away or leave the scene.

19. Plaintiff, her twelve-year old daughter, Starasia Sapp, and Mr. Dorn Henderson, a friend of plaintiff, were all sleeping inside the locked apartment when they were awakened by the sound of extremely loud banging just before the door to the apartment was smashed open with a battering ram by defendants.

20. Defendants entered plaintiff's home with guns drawn.

21. Defendants pointed their guns at plaintiff, plaintiff's twelve-year old daughter and Mr. Dorn and ordered them to the floor face-down where all three were tightly handcuffed.

22. The defendant officers' use of force caused plaintiff to suffer pain and bruising/marks that lasted for several days.

23. The defendants thoroughly searched plaintiff's apartment, upending every container, storage area and piece of furniture in the premises.

24. Defendant officers allegedly recovered a small (personal use) amount of marihuana and arrested plaintiff[1].

25. However, plaintiff, who had never been arrested, who had been identified by defendants at that time, and who was charged with non-criminal possession of a

---

[1] Dorn Henderson was also arrested, under arrest no. K13664908, and also charged with possession of the marihuana.

violation-weight quantity of marihuana (that is, less than the amount needed to rise to the level of even a Class "B" misdemeanor crime), and should not have been arrested.

26. However defendants arrested plaintiff and transported her to the 77th Precinct for arrest processing.

27. Plaintiff was arraigned on July 19, 2013, approximately 11:55PM, in Brooklyn Criminal Court, before the Honorable Judge Hong.

28. Plaintiff, through her defense counsel, joined in an application to adjourn the case in contemplation of dismissal under NY Criminal Procedure Law § 170.56, and was then released from custody.

## GENERAL ALLEGATIONS

29. The individual defendants acted in concert in committing the above-described acts against plaintiff.

30. Plaintiff did not resist arrest at any time during the above-described incidents.

31. Defendant police officers unlawfully entered plaintiff's apartment, either without a search warrant, or if there was a search warrant, it was obtained on the basis of mistaken or false information and without due diligence performed by defendant police officers as to the veracity of the information presented to issuing magistrate.

32. Defendant officers failed to recover any narcotics, or any incidents or accoutrements of narcotic use or sales.

33. At some point, it became patently obvious to defendant police officers that they had erred and that plaintiff's apartment (apartment 1A of 1483 Saint John's Place) was not the den of iniquity they had evidently hoped to find.

34. Rather than issuing a desk-appearance ticket to Plaintiff for the alleged marihuana possession, defendant officers instead arrested plaintiff and deprived her of her liberty.

35. The individual defendants acted under pretense and color of state law in their individual and official capacities and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of her rights.

36. As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injury, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

37. Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

### FIRST CLAIM
### (UNLAWFUL ENTRY OF PREMISES AND UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)

38. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

39. On the above incident date, defendant officers unlawfully stopped and searched plaintiff without a warrant, or consent.

40. Accordingly, defendants are liable to plaintiff for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM
## (FALSE ARREST UNDER FEDERAL LAW)

41. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

42. On the above incident date, defendant officers falsely arrested plaintiff without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

43. Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## THIRD CLAIM
## (UNREASONABLE FORCE)

44. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

45. On both the above incident dates, the individual defendants' use of force upon plaintiff was objectively unreasonable.

46. The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff, since plaintiff was unarmed, compliant, and did not resist arrest.

47. Those defendants who did not touch the plaintiff but witnessed the unlawful conduct, but failed to intervene and protect plaintiff from this conduct are also liable to plaintiff.

48. Accordingly, the defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## FOURTH CLAIM
## (FAILURE TO INTERVENE)

49. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

50. On the above described incident date, defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

51. Accordingly, defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## FIFTH CLAIM
## (FALSE ARREST CLAIM UNDER STATE LAW)

52. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

53. On both the above incident dates, defendant officers falsely arrested plaintiff without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

54. Accordingly, defendants are liable to plaintiff for false arrest under the Constitution of the State of New York.

## SIXTH CLAIM
## (NEGLIGENT & INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

55. D Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

56. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

57. Plaintiff's emotional distress has damaged her personal life because of the severe mental pain and anguish which were inflicted through deliberate and malicious

actions including the use of excessive force against, and the detention and arrest of plaintiff by defendants.

58. Consequently plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff demands a jury trial and the following relief, jointly and severally against the defendants:

a. Compensatory damages in the amount of two hundred and fifty thousand dollars ($250,000);

b. Punitive damages in the amount of five hundred thousand dollars ($500,000);

c. Costs, interest and reasonable attorney's fees, pursuant to 42 U.S.C. § 1988; and,

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    Brooklyn, New York
          February 19, 2014

KENNETH F. SMITH, PLLC
16 Court Street, Suite 2901
Brooklyn, New York 11241
(646) 450-9929
kfslawfirm@gmail.com

ATTORNEY FOR PLAINTIFF

By: _Ken F. C_____